IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ORIN TURNER, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Civil Action No. 11-1170-GMS |
| | ) |
| DAVID PIERCE, Warden, and | ) |
| ATTORNEY GENERAL OF | ) |
| THE STATE OF DELAWARE, | ) |
| | ) |
| Respondents. | ) |

**MEMORANDUM**

**I. INTRODUCTION**

In March 2015, the court denied petitioner Orin Turner's habeas petition in its entirety after determining that some claims were procedurally barred, some were meritless, and some failed to satisfy the § 2254(d) standard. Presently pending before the court is Turner's letter motion for reconsideration. (D.I. 33)

**II. STANDARD OF REVIEW**

A motion for reargument/reconsideration may be filed pursuant Federal Rule of Civil Procedure 59(e) or Federal Rule of Civil Procedure 60(b). Although motions for reargument/ reconsideration under Rule 59(e) and Rule 60(b) serve similar functions, each has a particular purpose. *United States v. Fiorelli*, 337 F.3d 282, 288 (3d Cir. 2003). For instance, "Rule 60(b) allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances including fraud, mistake, and newly discovered evidence." *Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005). A motion filed pursuant to Rule 60(b) is

addressed to the sound discretion of the trial court guided by accepted legal principles applied in light of all relevant circumstances, *Pierce Assoc. Inc. v. Nemours Found.*, 865 F.2d 530, 548 (3d Cir. 1988), but may be granted only in extraordinary circumstances. *Moolenaar v. Gov't of Virgin Islands*, 822 F.2d 1342, 1346 (3d Cir. 1987).

In contrast, Rule 59(e) is "a device [] used to allege legal error," *Fiorelli*, 337 F.3d at 288, and may only be used to correct manifest errors of law or fact or to present newly discovered evidence. *Howard Hess Dental Labs, Inc. v. Dentsply Int'l Inc.*, 602 F.3d 237, 251 (3d Cir. 2010). The moving party must show one of the following in order to prevail on a Rule 59(e) motion: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court issued its order; or (3) the need to correct a clear error of law or fact or to prevent a manifest injustice. *Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). A motion for reargument/reconsideration is not appropriate to reargue issues that the court has already considered and decided. *Brambles USA Inc. v. Blocker*, 735 F. Supp. 1239, 1240 (D. Del. 1990).

## III. DISCUSSION

Turner does not identify the authority under which he filed the instant letter motion for reconsideration. However, since he filed the motion within twenty-eight days after the entry of the court's judgment,[1] the court will treat the motion as though filed pursuant to Rule 59(e). *See, e.g., Holsworth v. Berg*, 322 F. App'x 143, 146 (3d Cir. 2009); *Ranklin v. Heckler*, 761 F.2d

---

[1] Rule 59(e) states that a "motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). The court denied Turner's petition on March 18, 2015. (D.I 31; D.I. 32) Turner's motion for reconsideration is dated March 25, 2015 and postmarked March 26, 2015. Both of these dates fall within the twenty-eight day period provided for in Rule 59(e).

2

936, 942 (3d Cir. 1985) ("Regardless of how it is styled, a motion filed within ten days of entry of judgment questioning the correctness of judgment may be treated as a motion to amend or alter the judgment under Rule 59(e).").

In his Rule 59(e) motion, Turner appears to assert that he did not have an opportunity to fully present his arguments in his federal habeas proceeding, because the court never informed him "when to reply to the State's answer." (D.I. 33 at 2) Turner asks the court to reconsider his petition once he has filed a memorandum in support fully presenting his arguments. *Id.*

This argument does not warrant reconsideration of the court's decision. First, a petitioner's reply to a State's answer is not a proper vehicle for raising new claims or arguments in a federal habeas proceeding that were not raised in the § 2254 petition. *See Tyler v. Mitchell*, 416 F.3d 500, 504 (6th Cir. 2005) (an argument that was first presented in the petitioner's "traverse rather than in his habeas petition [] was not properly before the district court.") (collecting cases). As a general rule, federal habeas courts will not consider new claims presented in a petitioner's reply to the State's answer where the petitioner was provided with the required AEDPA election form/notice pursuant to *Mason v. Myers*, 208 F.3d 414 (3d Cir. 2000) and he did not timely amend the petition. *See Price v. Warren*, 2015 WL 3970124, at *40 (D.N.J. June 30, 2015) (collecting cases). In this case, Turner explicitly noted on his AEDPA election form that he wished the court to rule on his § 2254 petition as currently pending; he did not choose the option stating that he wished to amend his petition to "include all the grounds I have." (D.I. 7) The court is not responsible for Turner's failure to notice that he did not include all of his desired claims when he filed his § 2254 petition, and the court also is not responsible for Turner's failure to choose the option to amend his petition when he filed his AEDPA

3

election form.[2]

Second, a petitioner's reply to the State's answer is not a required element in a federal habeas proceeding. *See* Rule 5(e), 28 U.S.C. foll. 2254 (providing that the "petitioner **may** submit a reply to respondent's answer or other pleading within a time fixed by the judge."). Nevertheless, the court notes that, although it did not fix a date for an optional reply to the State's answer, Turner actually did file a letter reply to the State's answer on June 25, 2012.[3] (D.I. 19)

Third, and perhaps most significantly, Turner's motion does not assert any intervening change in law, the availability of previously unavailable evidence, or a "clear error of law" of the sort that would compel reargument/reconsideration. Notably, Turner does not provide any arguments challenging the reasons the court provided for denying his § 2254 petition.

For all of these reasons, the court concludes that Turner's Rule 59(e) motion fails to warrant reconsideration of the court's prior denial of his habeas petition.

---

[2]Interestingly, in his post-conviction appeal, Turner also failed to present all the claims he had presented in his Rule 61 motion. *See Turner v. State*, 29 A.3d 246 (Table), 2011 WL 3964586, at *1 (Del. Sept. 8, 2011). The Delaware Supreme Court held that Turner had waived the claims he did not raise in his post-conviction appeal.

[3]Turner's letter reply in this proceeding stated that the State failed to address claim number five in his petition, which he described as a *Batson* claim. (D.I. 19) However, Turner's original § 2254 petition did not contain a "claim five"; rather, the petition only contained four claims, none of which asserted a *Batson* violation.

A few months later, Turner filed a motion to amend his petition, asking for leave to add to his petition the following two claims that he had raised in his state Rule 61 proceeding: (1) a *Batson* violation; and (2) that his Sixth Amendment right to counsel had been violated. (D.I. 26) However, somewhat contradictorily, Turner's motion to amend also alleged that he had included these two claims in his original § 2254 petition, but the State had neglected to address them. *Id.* The court denied the motion to amend after determining that the *Batson* claim and Sixth Amendment right to counsel claim were entirely new claims that did not relate back to Turner's timely filed § 2254 petition, because the request to amend was filed after the State filed its answer and after AEDPA's limitations period had expired. (D.I. 28)

4

## IV. CONCLUSION

Based on the foregoing, the court will deny Turner's motion for reconsideration. In addition, the court will not issue a certificate of appealability, because Turner has failed to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see United States v. Eyer*, 113 F.3d 470 (3d Cir. 1997); 3d Cir. LAR 22.2 (2011). A separate order will be entered.

July 13, 2015
DATE

UNITED STATES DISTRICT JUDGE